```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

ANGELA SIBLEY, Individually and       \*
as Representative of the Estate
of D.S., and on behalf of All         \*
Wrongful Beneficiaries of D.S.,
                                      \*      CASE NO. 4:07-CV-184 (CDL)
      Plaintiff,
                                      \*
vs.
                                      \*
UNITED STATES OF AMERICA,
                                      \*
      Defendant.
                                      \*

O R D E R

Defendant in this case filed a Motion for Summary Judgment, accompanied by a brief and other supporting materials.  The Court is required to advise Plaintiff, who is proceeding *pro se*, of the significance of Defendant's Motion for Summary Judgment pursuant to *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).[1]  Therefore, in an effort to afford Plaintiff adequate notice and time to respond to Defendant's motion, the following notice is given to Plaintiff:

In its Motion for Summary Judgment, Defendant asks the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  You have

---

[1] The Court notes that effective December 1, 2009, Federal Rule of Civil Procedure 56(c) has been substantially revised and does not contain the notice requirement relied upon by the Eleventh Circuit in *Griffith v. Wainwright.*  Therefore, this notice is likely no longer required.  However, out of an abundance of caution, the Court nevertheless provides this notice given the fact that the motion for summary judgment in this case was filed prior to the effective date of the Rule 56(c) revisions.

a right to file a response to Defendant's Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure. You must file any such response by December 16, 2009.  THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO DEFENDANT'S MOTION.

Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the evidence must be viewed in the light most favorable to the party opposing the motion and all factual inferences must be drawn in that party's favor, the party opposing a motion for summary judgment cannot simply rely on the pleadings.  Fed. R. Civ. P. 56(e)(2); *Celotex Corp.*, 477 U.S. at 324.  To establish that a genuine issue of material fact exists, the party opposing summary judgment must respond by filing affidavits, depositions, or other materials to persuade the Court that the case must be presented to a jury for resolution.  *Celotex Corp.*, 477 U.S. at 324.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by Defendant and raising material issues of fact for trial.  Any witness statements must be in the form of affidavits.  An affidavit is a sworn statement of fact

based on personal knowledge that would be admissible in evidence at trial.  You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to Defendant's motion for summary judgment.

Local Rule 56 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs.  Local Rule 56 also requires a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement.  The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement.

If you do not respond to the motion for summary judgment on time (by December 16, 2009) with affidavits or documentary evidence contradicting the material facts asserted by Defendant, the Court may accept Defendant's factual assertions as true.  Judgment may then be entered in Defendant's favor without a trial.

IT IS SO ORDERED, this 1st day of December, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE