IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANGELA SIBLEY, Individually, and   *
as Representative of the Estate
of D.S., and on behalf of All     *
Wrongful Beneficiaries of D.S.,
                             *     CASE NO. 4:07-CV-184 (CDL)

    Plaintiff,             *

vs.                         *

UNITED STATES OF AMERICA,    *

    Defendant.           *

———————————————————  *

<u>O R D E R</u>

In this medical malpractice action, Plaintiff, who is proceeding *pro se,* alleges that agents and employees of the United States failed to properly and timely diagnose her daughter's severe medical condition and that their medical negligence proximately caused her daughter's death. Plaintiff seeks to recover monetary damages against the United States ("Defendant") pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) & 2671-2680 ("FTCA"), and the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). Defendant maintains that no evidence exists from which a reasonable factfinder could conclude that Defendant is legally responsible for Plaintiff's daughter's death. Therefore, Defendant filed a Motion for Summary Judgment (Doc. 18), which the Court grants for the following reasons.[1]

---

[1] Plaintiff filed no response to Defendant's motion notwithstanding the Court's notice to Plaintiff of the possible consequences of failing to respond. (Order Regarding Resp. to Mot. for Summ. J., Dec. 1, 2009.)

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment has the burden to show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the summary judgment movant meets its burden, the burden shifts and the nonmoving party must produce evidence to show that there *is* a genuine issue of material fact. *Id.* at 324. The nonmoving party must "go beyond the pleadings," *id.*, and point the Court to "specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2); *accord Celotex Corp.*, 477 U.S. at 324.

The movant is entitled to summary judgment if, after construing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, no genuine issues of material fact remain to be tried. Fed. R. Civ. P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is not enough to have *some* alleged factual dispute; there must be a genuine issue of material fact to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48. A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a

reasonable factfinder to return a verdict for the nonmoving party—there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Anderson*, 477 U.S. at 248.

FACTUAL BACKGROUND[2]

On October 13, 2002, Plaintiff took her daughter to the Martin Army Community Hospital ("MACH") emergency room at Ft. Benning, Georgia with complaints of hematuria (blood in the urine). (Compl. ¶ IV.)  Plaintiff's daughter was treated for a urinary tract infection, and Plaintiff was told to follow up with a pediatrician within seventy-two hours.  (*Id.; see* Ex. 3 to Def.'s Statement of Undisputed Material Facts [hereinafter SOF], Emergency Room Med. R. at 1, 4, Oct. 13, 2002.)  Based upon the present record, no evidence exists that the follow up ever occurred.

Seven months later, on May 17, 2003, Plaintiff brought her daughter back to the MACH emergency room with complaints of hematuria, fever, and fussiness. (Ex. 4 to SOF, Emergency Room Med. R., May 17, 2003.)  Based upon that evaluation, Plaintiff's daughter's urinalysis was positive for trace protein and blood, and she was given an intravenous bolus, Tylenol, and an antibiotic.

---

[2]As noted previously, Plaintiff did not respond to Defendant's motion for summary judgment.  Therefore, pursuant to the Court's local rules, the statements included in Defendant's Statement of Undisputed Material Facts are deemed admitted.  M.D. Ga. R. 56.  Notwithstanding these admissions, the Court understands its duty to "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact[,]" *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted), and the Court has done so.

(*Id.*)   Two days later, Plaintiff took her daughter to the MACH Pediatric Clinic with primary complaints of increased abdominal girth and abdominal pains.  (Ex. 10 to SOF, MACH Pediatric Clinic Med. R., May 19, 2003.)  Radiological scans of the chest and abdomen revealed a tumor in the kidney, with metastasis to the liver, lung, and vertebral body.  (Ex. 5 to SOF, Radiological Examination Report, May 19, 2003.)  Plaintiff's daughter was immediately transferred to the Children's Healthcare of Atlanta at Egleston (Ex. 11 to SOF, Ft. Benning E.M.S. Patient Transfer Report, May 19, 2003), where she received medical treatment until her death (Compl. ¶ IV).

In her Complaint, Plaintiff alleges that Defendant is liable under the FTCA because Defendant's agents and employees (1) "[r]efused to accept [Plaintiff's daughter] for evaluation and treatment of hematuria at MACH on or about October 14, 2002 and in January 2003[;]" (2) "[f]ailed to timely and properly evaluate [Plaintiff's daughter] for gross hematuria[;]" and (3) "[f]ailed to timely diagnose and treat Wilms disease (renal carcinoma)."  (Compl. ¶ VI.)  Plaintiff also alleges that Defendant is liable under EMTALA because Defendant had a "non-delegable duty to either stabilize a patient's medical condition prior to discharge, or to transfer the patient to another medical facility for appropriate care and treatment" and Defendant "fail[ed] to treat or transfer [Plaintiff's daughter]."  (*Id.* ¶ VII.)

4

In support of her claims, Plaintiff initially identified two physicians as medical experts—Dr. Ambrose Aboud, an oncologist from St. Jude's International Cancer Center in El Paso, Texas, and Dr. Arthur Provisor, a pediatric oncologist formerly with Columbus Regional Hospital, who was also one of Plaintiff's daughter's treating physicians.  (Provisor Dep. 20:21-22:18, July 24, 2009.) Dr. Aboud subsequently withdrew as Plaintiff's expert (Ex. 8 to SOF, Letter from Dr. Ambrose Aboud to Assistant U.S. Att'y, May 13, 2009), and Dr. Provisor's opinions ultimately did not support Plaintiff's claims.  Specifically, Dr. Provisor opined in his final conclusion that "the treatment rendered at Martin Army . . . was certainly within acceptable standards of medical care and the question for follow-up was very appropriate."  (Provisor Dep. 40:8-12; *see also id.* at 69:22-23 ("[Plaintiff's daughter] was treated for a urinary tract infection and told to come back.  That [was] appropriate."); *id.* at 70:16-18 (finding nothing wrong with emergency care Plaintiff's daughter received at MACH).)

DISCUSSION

**I.   The Federal Torts Claims Act**

"Under the FTCA, the United States is liable for tortious conduct 'in the same manner and to the same extent as a private individual under like circumstances' after applying the applicable law in the same jurisdiction." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1203 (11th Cir. 2008) (quoting

5

28 U.S.C. § 2674). The Eleventh Circuit Court of Appeals has noted that "Congress's chief intent in drafting the FTCA was . . . to provide redress for ordinary torts recognized by state law." *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1084 (11th Cir. 2004) (internal quotation marks omitted); *see also Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam) ("The Federal Tort Claims Act was designed to provide redress for ordinary torts recognized by state law." (internal quotation marks omitted)).

Because the alleged tort here occurred in Georgia, the Court will apply Georgia law in analyzing Plaintiff's FTCA claim. *See* 28 U.S.C. § 1346(b)(1); *see also Stone*, 373 F.3d at 1130 (applying Florida law because alleged tort occurred in Florida). Under Georgia law, a plaintiff bringing a medical malpractice claim must establish three elements: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." *Hawkins v. Greenberg*, 166 Ga. App. 574, 575, 304 S.E.2d 922, 923 (1983).

Here, Plaintiff has failed to produce *any* evidence that would lead a reasonable factfinder to conclude that Defendant negligently treated her daughter. In fact, the only evidence before the Court conclusively establishes that the emergency room care Plaintiff's daughter received on October 13, 2002 was within the applicable standard of care. Plaintiff has also failed to point the Court to

any evidence from which a reasonable factfinder could conclude that Defendant subsequently refused to treat her daughter in breach of the applicable standard of care.   Thus, because no genuine issue of material fact exists as to whether Defendant was negligent, the Court finds that Defendant is entitled to summary judgment as to Plaintiff's FTCA claim.   *See, e.g., Duque v. United States*, 216 F. App'x 830, 832 (11th Cir. 2007) (per curiam) (finding no error in entry of summary judgment in favor of United States where plaintiff failed to produce any evidence indicating that medical staff was negligent); *Suggs v. United States*, 199 F. App'x 804, 807-08 (11th Cir. 2006) (per curiam) (affirming grant of summary judgment as to plaintiff's FTCA claim where plaintiff offered no evidence, other than his own statements and lay opinions, to rebut presumption that he was provided medical care in ordinarily skillful manner).

## II.   The Emergency Medical Treatment and Active Labor Act

Plaintiff's complaint alleges a separate claim pursuant to EMTALA.   That statute requires hospitals with a medicare agreement and an emergency room to "(1) provide to persons presented for treatment an appropriate medical screening . . . to determine whether or not an emergency medical condition . . . exists, and (2) to stabilize the condition or, if medically warranted, to transfer such persons to other facilities." *Williams v. United States*, 242 F.3d 169, 173-74 (4th Cir. 2001) (alterations in original) (internal quotation marks omitted) (citing 42 U.S.C. § 1395dd(a)-(c)).   A

7

person injured by a breach of these duties may recover "those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate." 42 U.S.C. § 1395dd(d)(2)(A).

Defendant contends that it is entitled to sovereign immunity as to any EMTALA claim and that its immunity has not been waived.  A plain reading of EMTALA's text demonstrates that the statute does not contain a waiver of immunity for the United States government or any hospital owned or maintained by the United States.  *See, e.g., Williams*, 242 F.3d at 172 (noting that EMTALA "does not contain a waiver of sovereign immunity").  Accordingly, because Defendant is entitled to sovereign immunity as to Plaintiff's EMTALA claim, summary judgment is granted in favor of Defendant as to that claim.[3]

CONCLUSION

For the previously stated reasons, Defendant's Motion for Summary Judgment (Doc. 18) is granted.


IT IS SO ORDERED, this 13th day of January, 2010.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3]Even if sovereign immunity did not apply to the EMTALA claim, no evidence exists in the present record that Defendant violated EMTALA, and therefore, summary judgment would be appropriate for that reason, also.